IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CATHY BATESON<br>28180 King Road<br>Romulus, Michigan 48174<br><br>and<br><br>SCOTT BATESON<br>28180 King Road<br>Romulus, Michigan 48174<br><br>    Plaintiffs<br><br>v.<br><br>JAMIE LYNN GARBER<br>5032 SR 93 NW<br>Dundee, Ohio 44624<br><br>    Defendant. | CASE NO.:<br><br>JUDGE: Hon.<br><br>**COMPLAINT WITH JURY DEMAND**<br><br>Michael A. Bruno (0033780)<br>Charles E. Boyk (0000494)<br>Andrea R. Young (0096334)<br>*Charles E. Boyk Law Offices, LLC*<br>1500 Timberwolf Drive<br>Holland, Ohio 43528<br>Telephone: (419) 241-1395<br>Facsimile: (419) 241-8731<br>mbruno@charlesboyk-law.com<br><br>*Attorney for Plaintiffs* |

Plaintiffs CATHY BATESON and SCOTT BATESON, (collectively "Plaintiffs") bring this Complaint and allege as follows:

## **NATURE OF THE ACTION**

1. This is an action for personal injuries and related economic damages suffered by Plaintiffs as a direct and proximate result of Defendant Jamie Lynn Garber's negligence in connection with a motor vehicle accident on August 13, 2021, in Berlin Township, Holmes County, Ohio, which is with the judicial district and division of the Court.

1

## PARTIES

2. Plaintiffs Cathy Bateson and Scott Bateson, wife, and husband, are all citizens of the state of Michigan and reside in Romulus, Michigan.

3. Defendant Jamie Lynn Garber ("Defendant Garber") is a citizen of the state of Ohio and lives in Dundee, Ohio.

## STATEMENT OF JURISDICTION AND VENUE

4. This case is brought under 28 U.S.C. § 1332(a), based upon diversity of citizenship. Because Plaintiffs are citizens of Michigan and Defendant is a citizen of Ohio, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Court.

5. The Court has personal jurisdiction over Defendant an Ohio resident and is consistent with the Constitutional requirements of due process.

6. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28. U.S. Code § 1391(b)(2) since the accident occurred in Holmes County, Ohio.

## FIRST CAUSE OF ACTION
(Negligence/Negligence *Per Se* of Jamie Lynn Garber)

7. Plaintiffs incorporate all the foregoing paragraphs in this cause of action by reference.

8. In operating a motor vehicle on a public roadway, Defendant Jamie Lynn Garber owed a duty of care to others, including Plaintiffs, to operate his vehicle in a safe and reasonable manner and in accordance with the laws of the State of Ohio.

9. Ohio Revised Code 4511.43 states in relevant part, that:

> "Every driver of a vehicle … approaching a stop sign shall stop at a clearly marked stop line…After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway…"

10. While operating a motor-vehicle on August 13, 2021, at approximately 7:05 p.m., Defendant Jamie Lynn Garber collided into the front end of Plaintiffs' vehicle within the

intersection of CR 168 and CR 77, Berlin Township, Holmes County, Ohio, after emerging from a stop sign.

11. At the time of the collision, Plaintiff Cathy Bateson was properly traveling through the subject intersection on northbound CR 77.

12. Defendant Garber had a common law and statutory duty to operate his vehicle in a safe and reasonable manner, which included stopping at a stop sign and yielding right of way to passing traffic.

13. Defendant Garber failed to operate his vehicle in such a manner and collided into the front end of Plaintiffs' vehicle.

14. Defendant Garber was cited for violating R.C. 4511.43.

15. Defendant Garber's violation of the above statute constitutes negligence *per se.*

16. As a direct and proximate result of Defendant's negligence and/or statutory violations, Plaintiff, Cathy Bateson was injured and damaged.

17. As a direct and proximate result of Defendant's negligence, Plaintiff Cathy Bateson suffered serious and permanent injuries to her neck, left shoulder, low back, head, and left arm, incurred medical bills for the treatment of her injuries, and will incur the cost of future care and medical treatment.

18. As a direct and proximate result of Defendant's negligence, Plaintiff Cathy Bateson, has experienced, and will continue to experience, physical and mental pain and suffering, and has lost the ability to perform or engage in her usual activities, resulting in a diminished quality of life.

19. Plaintiffs' total damages exceed $75,000.00.

## SECOND CAUSE OF ACTION
(Loss of Consortium)

20. Plaintiffs incorporate all the foregoing paragraphs in this cause of action by reference.

21. Plaintiffs Cathy Bateson and Scott Bateson were married at the time of the collision and remain married.

22. As a direct and proximate result of Defendant's negligence and/or statutory violations, Plaintiff Scott Bateson has suffered, and continues to suffer, a loss to the companionship, society, services, consortium of his wife that he enjoyed before this accident.

23. Plaintiffs' total damages exceed $75,000.00.

**WHEREFORE**, Plaintiffs demand judgment in excess of $75,000.00 in their respective favor and against Defendant as follows:

(A) Defendant Garber in amounts to be established by the evidence at the trial of this cause and permitted by law, together with prejudgment interest, and all other relief just and proper in this matter;

Respectfully submitted,

/s/ *Michael A. Bruno*
Michael A. Bruno
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by right.

*/s/ Michael A. Bruno*
Michael A. Bruno
Attorney for Plaintiffs